1  ALEXANDER B. CVITAN (SBN 81746)
   E-mail: alc@rac-law.com
2  MARSHA M. HAMASAKI (SBN 102720),
   E-mail: marshah@rac-law.com;
3  PETER A. HUTCHINSON (SBN 225399) and
   E-mail: peterh@rac-law.com,
4  ZANE T. PRECIADO (SBN 332853)
   E-mail: zanep@rac-law.com,
5  REICH, ADELL & CVITAN, A Professional Law Corporation
   3550 Wilshire Blvd., Suite 2000
6  Los Angeles, California 90010-2421
   Telephone: (213) 386-3860; Facsimile: (213) 386-5583
7
8  Attorneys for Plaintiff

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11 CONSTRUCTION LABORERS          CASE NO.:
   TRUST FUNDS FOR SOUTHERN
12 CALIFORNIA ADMINISTRATIVE      COMPLAINT FOR:
   COMPANY, a Delaware limited liability
13 company,                       1. MONETARY DAMAGES OF
                                      UNPAID FRINGE BENEFITS
14                                    AND RELATED DAMAGES DUE
              Plaintiff,              TO EMPLOYEE BENEFIT
15                                    PLANS;
16     v.                          2. SPECIFIC PERFORMANCE OF
                                      OBLIGATION TO PRODUCE
17                                    RECORDS FOR A COMPLETE
                                      AUDIT;
18 STREAMLINE INTEGRATION, a
   California corporation; BRIAN   3. INJUNCTIVE RELIEF
19 THOMAS ARMSTRONG, an              COMPELLING SUBMISSION OF
   individual,                       FRINGE BENEFIT
20                                   CONTRIBUTIONS
21                                 4. MONETARY DAMAGES FOR
22            Defendants.             BREACH OF SETTLEMENT
                                      AGREEMENT
23                                 [29 U.S.C. §§ 185, 1105, 1109.
                                   1132(a)(3), 1132(g)(2) and 1145;
24                                 28 U.S.C. § 1367(a);]
25
26
27        Plaintiff, Construction Laborers Trust Funds for Southern California

28 Administrative Company, a Delaware limited liability company, alleges:

433196.2                          1

**JURISDICTION AND VENUE**

1.      This action is brought by a fiduciary administrator on behalf of employee benefit plans against an employer.  It is brought in accordance with the terms and conditions of the plans, the collective bargaining and plan trust agreements, and applicable statutes, for the following reasons: (a) recover unpaid monthly employee fringe benefit contributions and related damages due to the plans by the employer through enforcement of the terms of the collective bargaining agreements, plan agreements and applicable statutes ("Claim 1"); (b) to compel the employer to produce records for an audit and to recover monthly employee fringe benefit contributions and related damages due to the plans by the employer, including the amounts, if any, determined through the audit, and the amounts presently known to be due ("Claim 2"); (c) to compel the employer to timely and fully report and pay its monthly fringe benefit contributions to the plans on behalf of its employees ("Claim 3"); (d) to hold employer's principal jointly liable for all or a portion of the amounts owed by the employer as a fiduciary to the plans ("Claim 4"); and (e) to recover all monetary damages resulting from the EMPLOYER'S breach of the Settlement and Tolling Agreement ("Claim "5")

2.      This Court has jurisdiction pursuant to: sections 502(g)(2) and 515 of the Employee Retirement Income Security Act (ERISA) (codified at 29 U.S.C. §§ 1132(g)(2) and 1145); section 502(a)(3) of ERISA (codified at 29 U.S.C. § 1132(a)(3)); and section 301 of the Labor Management Relations Act (LMRA) (codified at 29 U.S.C. § 185); and ERISA sections 502(a)(3), 405 and 409(a), codified at 29 U.S.C. §§ 1132(a)(3), 1105 and 1109(a).  This Court also has supplemental jurisdiction over the claims relating to employer's breach of a settlement agreement pursuant to 28 U.S.C. § 1367(a).  Pursuant to section 502(e)(2) of ERISA (codified at 29 U.S.C. § 1132(e)(2)), venue is proper in this district for each of the following reasons: the plans are administered in this district; the employer's performance and breach took place in this district; and the employer

resides or may be found in this district.

## **PARTIES**

3.      Plaintiff ("CLTF") is an administrator of, agent for collection for, a fiduciary to, and brings this action on behalf of the following employee benefit plans: Laborers Health and Welfare Trust Fund for Southern California; Construction Laborers Pension Trust for Southern California; Construction Laborers Vacation Trust for Southern California; Laborers Training and Re-Training Trust Fund for Southern California; Fund for Construction Industry Advancement; Center for Contract Compliance; Laborers Contract Administration Trust Fund for Southern California; Laborers' Trusts Administrative Trust Fund for Southern California; and Southern California Partnership for Jobs Trust Fund (collectively "TRUST FUNDS").  Each of the Trust Funds is an express trust created by written agreement, an employee benefit plan within the meaning of section 3(3) of ERISA (29 U.S.C. § 1002(3)), and a multi-employer plan within the meaning of section 3(37)(A) of ERISA (29 U.S.C. § 1002(37)(A)).  Each of the Trust Funds exists pursuant to ERISA and section 302 of the LMRA (29 U.S.C. § 186).  CLTF and the Trust Funds' principal places of business are in the County of Los Angeles, State of California.

4.      CLTF is a fiduciary as to the Trust Funds, in that it:

A.      Exercises discretionary authority or discretionary control respecting the collection of delinquent (or possibly delinquent) contributions to the Trust Funds, including but not limited to discretion in auditing employers, deciding what claims to assert, acting as agent of the Trust Funds in asserting claims, waiving liquidated damages, settling claims, and releasing claims; and

B.      Exercises authority or control respecting management or disposition of assets of the Trust Funds, including but not limited to, receiving delinquent contributions collected and holding them in a bank

account in its own name over which it has check-writing authority, and then exercising discretion in allocating those assets among the different Trust Funds, different participants, different time periods and different jobs.

5.     CLTF is informed and believes, and on that basis alleges, that defendant STREAMLINE INTEGRATION, ("Employer") is a corporation organized and existing under the laws of the State of California; has a principal place of business in the City of Lancaster, County of Los Angeles, State of California; and does, or at all relevant times did, business in the State of California as a construction contractor in an industry affecting interstate commerce.

6.     CLTF is informed and believes, and on that basis alleges, that defendant, BRIAN THOMAS ARMSTRONG, ("ARMSTRONG") an individual, is the chief executive officer of EMPLOYER and principal shareholder of EMPLOYER, who is engaged in business in the City of Lancaster, State of California, and resides in the County of Los Angeles, State of California.

## OTHERS

7.     The Laborers International Union of North America, AFL-CIO, and the Southern California District Council of Laborers and its affiliated Local Unions, ("UNION") are, and at all relevant times was, labor organizations representing employees affecting interstate commerce.  The UNION is not a party to this action.

## INDIVIDUAL DEFENDANT

8.     Plaintiff is informed and believes and thereon alleges that ARMSTRONG is responsible for running the day-to-day operations of the EMPLOYER and is responsible for decisions pertaining to the management and operation of EMPLOYER, including the financial business decisions relating to EMPLOYER.

9.     Plaintiff is informed and believes and thereon alleges that at all times herein, ARMSTRONG, is the majority shareholder of EMPLOYER and beneficial owner of EMPLOYER.

10.     Plaintiff is informed and believes and thereon alleges that ARMSTRONG acted on behalf of and in the interest of each of EMPLOYER in all aspects of labor relations and in their dealings and relations with the TRUST FUNDS, and the UNION.

## FIRST CLAIM FOR RELIEF
## CONTRIBUTIONS OWED TO THE TRUST FUNDS
## (AGAINST EMPLOYER)
## [29 U.S.C. §§ 185 and 1145]

11.     Plaintiff repeats and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 11, above.

## AGREEMENTS

12.     At all times mentioned, defendant EMPLOYER, was and continues to be signatory to written Collective Bargaining Agreements with the UNION, having executed a Laborers Short Form Agreement for the Construction Industry with the UNION with an effective date of July 26, 2020 ("Short Form Agreement").

13.     Pursuant to the Short Form Agreement, EMPLOYER became bound to the UNION'S Construction Master Laborers Agreements, including one known as the Southern California Master Labor Agreement ("MLA").

14.     Pursuant to the Short Form Agreement and the UNION'S Construction Master Laborers Agreements including the MLA, EMPLOYER also became obligated to all the terms and conditions of the various Trust Agreements which created each of the TRUST FUNDS as they may be constituted in their original form or as they may be subsequently amended.  The referenced Agreements will be

collectively referred to as "AGREEMENTS".

15.     The AGREEMENTS obligate EMPLOYER to pay fringe benefit contributions at the rates set forth in the AGREEMENTS for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS ("Monthly Contributions").  EMPLOYER is additionally required to submit monthly reports ("Monthly Reports") with these Monthly Contributions, detailing the name, address, social security number and hours worked that month for each employee covered by the AGREEMENTS and those Monthly Reports are required to be submitted even where there are no employees to report for the reporting period.

16.     The TRUST FUNDS depend on the truth and accuracy of this information, in order to not only determine the correct amount of Monthly Contributions due, but to fulfill their own fiduciary duties to properly credit participants towards the benefits provided by the TRUST FUNDS.  Those Monthly Contributions constitute assets of the TRUST FUNDS, pursuant to the terms of the AGREEMENTS and applicable law, from the time they are due and can be reasonably segregated from other funds.  The Trustees of the TRUST FUNDS have a fiduciary duty to marshal those assets so that they may be applied for the benefit of the participants and beneficiaries in accordance with the various Trust Agreements.

17.     By the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(C), EMPLOYER is obligated to pay to the TRUST FUNDS, as and for liquidated damages for detriment caused by the failure of EMPLOYER to pay fringe benefit Monthly Contributions in a timely manner, a sum equal to $25.00 or twenty percent (20%) of the unpaid Monthly Contributions or interest on the unpaid Monthly Contributions at rates established pursuant to the AGREEMENTS from their respective due dates, whichever is the greater amount, for each of the TRUST FUNDS to which EMPLOYER is required to contribute.

18.     Under the terms of the AGREEMENTS employers, including EMPLOYER, agree to subcontract work covered under the terms of the

AGREEMENTS only to entities that are signatory to a Labor Agreement with the UNION applicable to the work performed.  If an employer subcontracts work covered under the Labor Agreements to a non-signatory entity ("Subcontracting Violation(s)"), the employer, including EMPLOYER, becomes liable to the TRUST FUNDS in an amount equal to the Monthly Contribution that would have been due if the entity had been signatory, plus interest, liquidated damages and audit fees thereon.

19.     Under the terms of the AGREEMENTS, employers, including EMPLOYER, agree not to subcontract work covered under the terms of the UNION's Labor Agreements to entities that are delinquent to the TRUST FUNDS. If an employer subcontracts any work covered under said Labor Agreements to such an entity the employer, including EMPLOYER becomes liable to the TRUST FUNDS for the Monthly Contributions due by the subcontractor and any lower-tier subcontractors, plus interest and audit fees thereon.

20.     By the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(B), EMPLOYER is obligated for payment of interest on delinquent Monthly Contributions from the due date of the contribution through the payment date of the contribution, at the variable per annum rate of five percent (5%) over the rate set by the Federal Reserve Board at San Francisco, California, effective on the date each contribution is due.

21.     The AGREEMENTS provide the TRUST FUNDS with specific authority to examine and copy all of EMPLOYER'S payroll and business records which may be pertinent to determining whether EMPLOYER has reported all hours worked (or paid for) by employees who perform services covered under the AGREEMENTS and has paid the appropriate Monthly Contributions to the TRUST FUNDS, and that the EMPLOYER shall be responsible for the costs of such audit.

/ / /

/ / /

**BREACH OF AGREEMENTS**

22.     Plaintiff is informed and believes and based on such information and belief alleges that EMPLOYER employed workers who performed services covered by the AGREEMENTS and failed to pay the rates specified in the AGREEMENTS to TRUST FUNDS on behalf of those workers for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS.  Due to EMPLOYER'S failure to comply with a complete audit by the TRUST FUNDS and their continuing monthly reporting and payment obligations under the AGREEMENTS, additional amounts may be discovered and become due and owing by EMPLOYER which cannot be ascertained at this time.  Said amounts will be established by proof at the trial or other hearing.

23.     All conditions to EMPLOYER'S obligations to make payments under the AGREEMENTS have been met.

**DAMAGES**

24.     As a result of EMPLOYER'S failure to pay the rates specified in the AGREEMENTS, Plaintiff is informed and believes and thereupon alleges that there is now owing and unpaid to the TRUST FUNDS from EMPLOYER, during the period from October 2020, February 2021 through July 2021, damages in the sum of at least $51,329.65, consisting of $41,927.19  in unpaid Monthly Contributions, $8,373.19 in liquidated damages; and $1.1026.68 in interest on the late and/or unpaid  Monthly Contributions owed to the TRUST FUNDS through December 1, 2021, plus  additional accrued interest thereafter at the variable plan rate(s), currently 5.25% per annum, until payment of the Monthly Contribution is made,  as well as any additional Monthly Contributions, liquidated damages, audit fees and interest on any amounts discovered to be owed at the plan rate(s) according to proof at the time of trial or other hearing.

25.     The failure of the EMPLOYER to pay Monthly Contributions when due

and/or paying workers outside of payroll causes harm to the TRUST FUNDS and its participants, which is impractical to accurately quantify.  This may include the cost of collecting the Monthly Contributions from the EMPLOYER or third parties (not including the costs of this litigation), the cost of special processing to restore benefit credits because of late Monthly Contributions, the temporary loss of insurance coverage by employees (even if later restored) and medical harm to participants and beneficiaries who may have foregone medical care when notified that medical insurance ceased because of their employer's failure to pay Monthly Contributions. The liquidated damages provision of the AGREEMENTS was meant to compensate for this unquantifiable loss, and is based on the ratio of collection costs over amounts collected, regularly reported to the Trustees.  The Trustees of the TRUST FUNDS have the authority, in their discretion, to waive all or part of these liquidated damages.  In this case, they have exercised their discretion by declining to waive any liquidated damages.

26.    It has been necessary for the TRUST FUNDS to engage counsel to bring this action to compel compliance with the AGREEMENTS which provide that in the event litigation is necessary with respect to any of the fringe benefit Monthly Contributions and/or damages against EMPLOYER, then EMPLOYER would pay reasonable attorney's fees and all other reasonable expenses of collection, including audit fees.

27.    Under Sections 515 and 502(g) of ERISA, EMPLOYER is liable to the TRUST FUNDS not only for the amount of delinquent Monthly Contributions but also for the following: (a) for pre-judgment and post-judgment interest on the delinquent sums (as provided for in Section 502(g) of ERISA); (b) for the higher of interest or liquidated damages (as provided for in Section 502(g) of ERISA); (c) for attorneys' fees; and (d) for other relief permitted by Section 502(g) of ERISA.

/ / /

/ / /

**SECOND CLAIM FOR RELIEF**

**SPECIFIC PERFORMANCE COMPELLING AUDIT**

**(Against EMPLOYER)**

28.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 27, inclusive as though fully set forth herein.

29.     Plaintiff's claim herein is for specific performance of the AGREEMENTS.

30.     Pursuant to the AGREEMENTS and 29 U.S.C. § 1059(a)(1), the TRUST FUNDS have specific authority to examine the payroll and business records of employers, including the EMPLOYER, to determine whether they have reported and paid contributions on all hours worked by (or paid for) their employees and/or independent contractors who perform work covered under the AGREEMENTS, and whether they have otherwise abided by the payment obligations of the AGREEMENTS.  The AGREEMENTS further provide that employers, including the EMPLOYER, shall pay the TRUST FUNDS' attorney's fees if legal action is necessary to compel the audit, and audit fees to complete the audit of EMPLOYER'S records and the TRUST FUNDS have delegated the authority to perform such audits to Plaintiff.

31.     Plaintiff has requested access to EMPLOYER'S payroll and business records for the purpose of conducting an audit covering the period from June 26, 2020 to date; however, EMPLOYER through ARMSTRONG has produced only a few records, and has ignored and/or refused to allow the TRUST FUNDS a completed audit of its payroll and business records on all projects worked on by EMPLOYER under the terms of the AGREEMENTS, and under 29 U.S. C. § 1059(a)(1), 29 U.S.C. § 1145.

32.     The TRUST FUNDS have no adequate or speedy remedy at law in that EMPLOYER and ARMSTRONG have ignored further demands for their

433196.2

cooperation with the audit, and have failed and/or refused to comply with the production of all payroll and business records necessary for a complete audit. Plaintiff therefore respectfully requests that the Court exercise its authority under 29 U.S.C. §§ 1132(g)(2)(E) and 1132(a)(3) to order the EMPLOYER through ARMSTRONG to comply with their obligation under the AGREEMENTS and ERISA to fully produce its payroll and business records in order for Plaintiff to complete an audit to determine if additional amounts are due.

33.    Upon completion of the audit sought herein, Plaintiff will seek recovery of any delinquent contributions found due, as well as liquidated damages, audit costs, other damages, interest in addition to attorneys' fees and costs as provided for by AGREEMENTS and under sections 502(g)(1) and/or (g)(2) of ERISA (29 U.S.C. § 1132(g)(1) and/or (g)(2)).

## THIRD CLAIM FOR RELIEF

### (For Injunctive Relief Compelling Submission of
### Fringe Benefit Contributions to Employee Benefit Plans)

34.    Plaintiff repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 33 above as if fully set forth here. EMPLOYER has repeatedly failed to timely submit timely Monthly Reports and Monthly Contributions, as disclosed by EMPLOYER'S Monthly Reports for time periods from February 2021 to July 2021 and its failure to submit any Monthly Reports thereafter.  Further, the audit of partial record produced by EMPLOYER disclosed that all hours worked by EMPLOYER'S employees were not reported to the TRUST FUNDS in violation of the reporting and payment obligations of the AGREEMENT, and EMPLOYER has failed to comply with the production of any additional records for a complete audit.

35.    By reason of EMPLOYER'S failure to comply with its Monthly Reporting and Monthly Contribution obligations and to allow a complete audit of its

records, the TRUST FUNDS, its participants and/or its beneficiaries have suffered and will continue to suffer hardship and actual and impending irreparable injury and damage for at least the following reasons.  First, where Monthly Contributions are due, but not paid, the TRUST FUNDS lose the use of the unpaid funds (both for investment purposes and the payment of claims).  Second, the TRUST FUNDS incur substantial costs in the special processing of Monthly Contributions that are paid, or otherwise recovered, after the date due, in order to provide employee fringe benefit credits and restore eligibility.  Third, the TRUST FUNDS incur a liability for pension benefits for employee work even if Monthly Contributions are not paid and incur liability for health insurance claims for a certain period of employer non-payment of Monthly Contributions.  Fourth, the TRUST FUNDS have an obligation to take steps to collect amounts due by delinquent employers.  Thus, ongoing employer delinquencies result in an ongoing drain on TRUST FUNDS resources.  Fifth, the amount of benefits payable to all participants and beneficiaries for health insurance and pension claims is actuarially determined on the basis of funds projected to be received from contributing employers.  Employer delinquencies complicate that determination and result in a reduction of benefits to all employees.  Sixth, employer delinquencies have an intangible effect on the construction industry as a whole, doing damage to the TRUST FUNDS collection mechanism; specifically, when it is discovered that one contractor is substantially delinquent to the TRUST FUNDS, contractors engaged in the same type of work may feel that they are operating at a competitive disadvantage and withhold their Monthly Contributions until that competitive disadvantage has been removed.  Seventh, employees are harmed because health insurance is not provided to them and their dependents after a certain period of non-payment of Monthly Contributions on their behalf.  In addition to loss of health insurance, harm caused to employees can include medical harm if they forego medical care when notified that insurance ceased because of their employer's failure to pay Monthly Contributions.  Eighth,

employees are also harmed in that they are entitled to vacation pay only for hours of Covered Work for which Monthly Contributions are paid.  Ninth, the TRUST FUNDS have no basis for providing credits toward eligibility for pensions for unknown hours of Covered Work.

36.     The TRUST FUNDS have no adequate or speedy remedy at law.  They therefore request that this Court exercise its authority under sections 502(g)(2)(E) and 502(a)(3) of ERISA (29 U.S.C. §§ 1132(g)(2)(E) and 1132(a)(3) to issue preliminary and permanent injunctive relief ordering the EMPLOYER to comply with its obligations under the AGREEMENTS and section 515 of ERISA (29 U.S.C. § 1145) to fully disclose its employees' Covered Work on its Monthly Reports, and work by any workers paid outside of payroll as "vendors" or other designations who are not licensed contractors and perform work on EMPLOYER'S projects, itemized by project, and timely submit the Monthly Reports each month with full payment of the Monthly Contributions due.

37.     An award of attorneys' fees and costs is provided for by AGREEMENTS and under sections 502(g)(1) and/or (g)(2) of ERISA (29 U.S.C. § 1132(g)(1) and/or (g)(2)).

# FOURTH CLAIM FOR RELIEF
## FOR MONETARY DAMAGES FOR BREACH OF
## SETTLEMENT AGREEMENT
## (AGAINST EMPLOYER and ARMSTRONG)

38.     Plaintiff repeats and realleges and incorporates herein by referenced each and every allegation contained in paragraphs 1 through 27, as if fully set forth.

39.     The TRUST FUNDS, the EMPLOYER and  ARMSTRONG entered into a conditional settlement ("Settlement Agreement") with respect to the known amounts owed by EMPLOYER on Monthly Reports for time periods from February 2021 to May 2021 which totaled $32,469.29 including interest through July 9, 2021

("CLAIM").  In and by the terms of the Settlement Agreement, the TRUST FUNDS agreed to a payment arrangement with EMPLOYER and ARMSTRONG upon compliance with express conditions set forth in the Settlement Agreement. EMPLOYER and ARMSTONG agreed to be individually, jointly and severally liable for payment of the CLAIM in consideration for the reduction of the amounts owed by EMPLOYER to be paid under the terms of the payment arrangement if the terms of the Settlement Agreement were successfully concluded.

40.    Under the express terms of the Settlement Agreement, the following constitutes a default and/or breach of the Settlement Agreement by EMPLOYER and ARMSTRONG: (1) failure to timely remit payment of the monthly payments as provided for by the terms of the Settlement Agreement; (2) failure to comply with EMPLOYER's obligations under the terms of the AGREEMENTS to timely submit Monthly Reports disclosing all of the hours worked by employees for which Monthly Contributions are due with payment of the Monthly Contributions due; and (3) failure to comply fully with an audit of EMPLOYER's records.

41.    The EMPLOYER breached the Settlement Agreement by failing (1) to submit the monthly payments due under the provisions of the Settlement Agreement; (2) by submitting its June 2021 and July 2021 Monthly Reports without payment, and thereafter by failing to submit any Monthly Reports whatsoever; by curing its default in the Settlement Agreement by submitting all missing monthly payments, and submitting the amounts due on the June 2021 and  July 2021 Monthly Reports, and thereafter (3)  by failure to comply with the audit of its records, all of which constitute a breach in the terms of the Settlement Agreement, as well as a breach in the terms of reporting and payment obligations, as well as the auditing provisions, under the terms of the AGREEMENTS.

42.    As a result of the EMPLOYER's and ARMSTRONG's breach of the Settlement Agreement the conditions in the Settlement Agreement were not met and the Settlement Agreement does not bar collection of any unsatisfied amounts of that

delinquency by any lawful means; therefore, under the terms of the Settlement Agreement, the full amount of the CLAIM, upon breach, became immediately due and owing by the EMPLOYER and by ARMSTRONG to the TRUST FUNDS, plus interest at the TRUST FUNDS' plan rate(s). The amount due by the EMPLOYER and ARMSTRONG for their breach of the Settlement Agreement totals $33,144.92 including $675.63 in interest to December 1, 2021, plus additional interest thereafter which has and will continue to accrue at the plan rate(s) until fully paid.  Any and all conditions to the EMPLOYER's obligations under the Settlement Agreement to pay this amount have been met.

43.     Under the terms of the Settlement Agreement, Plaintiff is entitled to an award of its attorneys' fees and costs.

**WHEREFORE, CLTF prays for judgment as follows:**

**FOR THE TRUST FUNDS' FIRST CLAIM FOR RELIEF**

1.     For the sum of at least $41,927.78 in delinquent fringe benefit contributions pursuant to the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(A);

2.     For the sum of at least $8,373.19 in liquidated damages as required by the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(C);

3.     Interest in the amount not less than $1,028.68 on the late paid or unpaid fringe benefit contributions as required by the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2), and 1132(g)(2)(E) from the date the contributions became due through December 1, 2021, plus additional accrued interest thereafter at the plan rate(s), currently 5.25 percent per annum;

4.     For additional Monthly Contributions and liquidated damages, audit costs, subcontracting violations, and/or other damages, according to proof at the time of trial or hearing, plus interest as provided by law from the date contributions

became due;

6.      For reasonable attorneys' fees;

7.      For the costs of suit herein; and

8.      For such other and further relief as the Court deems proper.

## FOR TRUST FUNDS' SECOND CLAIM FOR RELIEF

1.      That EMPLOYER, its managing employees, agents, accountants, managing officers including ARMSTRONG and all persons acting by, thorough, or in concert with the EMPLOYER be compelled to forthwith submit to an audit of EMPLOYER's payroll and business records and that EMPLOYER produce the following payroll and business records on all companies named in paragraph 13 of this complaint to the TRUST FUNDS for inspection, examination and copying covering the period from June 26, 2020 to the date of the audit:

     1.1.      All payroll and employee documents including, but not limited to, EMPLOYER'S payroll journals, employees earning records, certified payrolls, payroll check books and stubs, canceled payroll checks, payroll time cards, state and federal payroll tax returns, labor distribution journals, any other documents reflecting the number of hours which EMPLOYER'S employees worked, their names, social security numbers, addresses, job classifications on all projects on which the employees performed their work.

     1.2.      All records and documents reflecting the hours worked, amounts paid to any employment agency for individuals utilized on EMPLOYER's projects, including day laborers, independent contractors, subcontractors or other individuals utilized by EMPLOYER for work on its projects who are paid to work on EMPLOYER's projects, the hours worked by said individuals on each of EMPLOYER's projects and amounts paid by

EMPLOYER to said individuals for their work on the projects.

1.3.   The job/project files including all documents, agreements, and contracts between EMPLOYER'S and any general contractors, subcontractors, independent contractors, vendors, employment agencies supplying workers, builders and/or developers, field records, job records, notices, project logs, supervisor's diaries or notes, employees diaries, memorandum, releases and any other documents which related to the supervision of EMPLOYER'S employees and/or other workers utilized by EMPLOYER on the projects on which they performed their work.

1.4.   All EMPLOYER'S documents related to cash receipts, including but not limited to, the cash receipts journals, accounts receivable journal, accounts receivable subsidiary ledgers and billing invoices.

1.5.   EMPLOYER'S bank statements for all checking, and savings accounts.

1.6.   EMPLOYER'S documents related to cash disbursements, including but not limited to, vendors' invoices, cash disbursement journal, accounts payable journals, check registers, and all other documents which indicate cash disbursements.

1.7.   All Collective Bargaining Agreements between EMPLOYER'S and any trade union and all Monthly Report Forms submitted by EMPLOYER to any union trust fund.

2.   For any delinquent contributions, liquidated damages, subcontracting violations, interest, audit costs, attorney's fees and costs as required by the Agreements and ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2) according to proof at the time of trial or other hearing;

3.   For reasonable attorneys' fees;

4.     For TRUST FUNDS' costs of suit herein;

5.     For such other and further relief as the Court deems proper.

## FOR TRUST FUNDS' THIRD CLAIM FOR RELIEF

1.     That this Court issue the following preliminary and permanent prohibitory and mandatory injunctions against EMPLOYER, its agents, managing employees, successors, assigns, managing officers, ARMSTRONG and all those in active concert or participation with EMPLOYER:

       1.1.   That EMPLOYER be ordered to deliver the following, or cause to be delivered, to the TRUST FUNDS' offices no later than 4:30 p.m., on the 20th day of each month for the duration of the AGREEMENTS commencing with EMPLOYER'S August 2021 Monthly Report:

       1.2.   A complete, truthful and accurate "Employers Monthly Report to Trustees" covering all employees which EMPLOYER employed during the report month.

       1.3.   An affidavit or declaration from ARMSTRONG on behalf of EMPLOYER attesting from his own personal knowledge under pain of perjury to the completeness, truthfulness and accuracy of the Employers Monthly Report to the Trustees; and

       1.4.   A cashier's check made payable to the California Laborers Trust Funds for Southern California for the full amount of the fringe benefit contributions due on Employers Monthly Reports for each account for which a report is to be submitted.

2.     For reasonable attorney's fees;

3.     For costs of suit herein; and

4.     For such other and further relief as the Court deems proper and just.

## **FOR TRUST FUNDS' FOURTH CLAIM FOR RELIEF**

1.     For $32,469.29 plus additional accrued interest in the sum of $675.63 from July 9, 2021 to December 1, 2021 pursuant to the Settlement Agreement and applicable law, including but not limited to California Civil Code § 3302 and 29 U.S.C. § 1132(g)(2);

2.     For an additional accrued interest at the TRUST FUNDS' plan rate(s), currently 5.250% per annum after December 1, 2021, pursuant to terms of the Settlement Agreement and applicable law, including but not limited to California Civil Code §§ 3287, 3289 and 3302, and 29 U.S.C. § 1132(g)(2);

3.     For attorneys' fees and costs of collection, pursuant to the Settlement Agreement and applicable law, including but not limited to California Civil Procedure Code § 1032(b) and California Civil Code § 1717 and 29 U.S.C. § 1132(g)(2);

4.     For such other relief that this Court deems appropriate, pursuant to any authority of the Court, including, but not limited to, the authority established by 29 U.S.C. §§ 1132(g)(2)(E) and 1132 (a)(3)(B).

Respectfully submitted,

ALEXANDER B. CVITAN
MARSHA M. HAMASAKI and
PETER A. HUTCHINSON,
ZANE T. PRECIADO, Members of
REICH, ADELL & CVITAN
A Professional Law Corporation

DATED:  December 8, 2021

By:  /s/ Marsha M. Hamasaki
      MARSHA M. HAMASAKI
      Attorneys for Plaintiff